UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| SUSAN M. K., | Case No. 19-CV-1774 (NEB/LIB) |
| Plaintiff, | |
| v. | ORDER ACCEPTING REPORT AND RECOMMENDATION |
| ANDREW M. SAUL, Commissioner of Social Security | |
| Defendant. | |

Plaintiff Susan K. brought this action after the Commissioner of Social Security denied her application for disability benefits, asking the Court to reverse the Commissioner's final decision and remand the matter to the Commissioner for an award of benefits or further proceedings. (ECF No. 1.) The parties filed cross-motions for summary judgment. (ECF Nos. 10, 14.) In a Report and Recommendation dated July 28, 2020, United States Magistrate Judge Leo Brisbois recommends that the Court deny Plaintiff's motion for summary judgment, grant Defendant's motion for summary judgment, and dismiss this matter with prejudice. (ECF No. 19 ("R&R").) Plaintiff filed an objection to the R&R, and so the Court conducts a *de novo* review of the portions of the R&R to which she objects. (ECF No. 20 ("Pl. Obj.")); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). For the reasons that follow, the Court overrules Plaintiff's objections and adopts the R&R.

## BACKGROUND

The parties do not dispute the relevant facts, only the conclusions to be drawn from them, so the Court recounts only those facts necessary to understand the objections raised. (*See* R&R at 2, 5–7, 10–15.) After Plaintiff began complaining of memory problems, she was referred to Dr. Susan McPherson for a neuropsychological evaluation. (*Id.* at 10–11.) Dr. McPherson concluded that Plaintiff met the criteria for a memory disorder. (*Id.*) As part of Plaintiff's application for disability benefits, Dr. Mary Sullivan, a state agency consultant, reviewed Dr. McPherson's assessment and ultimately concluded that Plaintiff was capable of performing unskilled work. (*Id.* at 12; R. at 74.) Plaintiff also underwent a cognitive assessment administered by Dr. Janene Hawkins; although Dr. Hawkins noted that Plaintiff performed poorly on the memory section, she questioned the validity of the assessment. (R&R at 12–13.) Plaintiff then underwent a second assessment from Dr. McPherson; the results of this assessment showed either improvement or stable performance. (*Id.* at 14–15.) Based on this information, as well as other evidence, the administrative law judge ("ALJ") concluded that Plaintiff was not disabled. (*Id.* at 2, 15.)

## ANALYSIS

When reviewing the decision of an ALJ denying disability benefits, the Court must affirm if "substantial evidence in the record as a whole supports the ALJ's decision." *Lawson v. Colvin*, 807 F.3d 962, 964 (8th Cir. 2015). Substantial evidence is less than a preponderance of the evidence, but enough that a reasonable mind would find adequate

to support the ALJ's conclusion. *Id.* This standard is "not high" and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation omitted). The Court may not reverse the ALJ's decision simply because substantial evidence in the record supports a contrary outcome or because it would have decided the case differently. *Brown v. Barnhart*, 390 F.3d 535, 538 (8th Cir. 2004). So long as the ALJ's decision "falls within the available zone of choice," the Court will affirm. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011) (citation omitted). Therefore, if the Court's review of the record supports two possible, but inconsistent, conclusions, and one of those conclusions represents the ALJ's findings, the Court must affirm the ALJ's decision. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015). Based on this standard and its review of the record, the Court agrees with the conclusions of Judge Brisbois and accepts the R&R.

Plaintiff raises two objections to the R&R: (1) Judge Brisbois applied the wrong standard of review, which "has led to a faulty interpretation" of her argument (Pl. Obj. at 1–2); and (2) Judge Brisbois did not address "the ALJ's failure to discuss the entirety of [Dr. Hawkins'] report on which [the ALJ] ostensibly relied in discounting [Plaintiff's] complaints regarding her memory and ability to learn new tasks." (*Id.* at 3.)

*Standard of Review.* Plaintiff's argument about the standard of review appears to be that Judge Brisbois only considered whether the record contained "substantial evidence" supporting the ALJ's decision, rather than "substantial evidence in the record as a

3

whole." (*Id.* at 2.) According to Plaintiff, the R&R's statement of the standard of review "implies that if the Commissioner can point to *anything* in the record that detracts from an individual's claim for benefits, that will be sufficient to uphold the Commissioner's decision." (*Id.* at 2 (emphasis in original).) Plaintiff cites the conclusions from several tests of her cognitive ability to argue that the record as a whole supports her claim that she is disabled. (*Id.* at 2–3 (citing (R. at 503, 539, 541).[1]) Plaintiff asserts that these cognitive assessments constitute "multiple objective findings showing that she was far more limited than the ALJ's residual functional capacity" ("RFC") finding concluded. (*Id.* at 2.) These findings, per Plaintiff, demonstrate that her learning and memory capabilities are severely impaired and that the ALJ's decision is unsupported. (*Id.* at 2–3.)

Plaintiff's objections to the standard Judge Brisbois applied to review the ALJ's decision are unfounded for two reasons. First, Judge Brisbois was aware of the appropriate standard and stated it correctly multiple times in the R&R. (*See, e.g.*, R&R at 4 ("Judicial review [of the ALJ's decision] is constrained to a determination of whether the decision is supported by substantial evidence in the record as a whole."); *id.* at 8 ("Plaintiff argues that the record as a whole does not support the ALJ's RFC determination . . . ."); *id.* ("Although Plaintiff argues that there is no substantial evidence in the record as a whole to support the ALJ's RFC determination . . . ."); *id.* at 9 ("To be clear, Plaintiff does

---

[1] The administrative record can be found at ECF No. 8.

not argue that the record as a whole lacks substantial evidence to support the ALJ's RFC finding.").)

Second, Judge Brisbois properly applied that standard because substantial evidence in the record as a whole supports the ALJ's determination that Plaintiff is not disabled within the meaning of the Social Security Act. Although Plaintiff's performance on Dr. McPherson's first battery of tests met the criteria for a memory disorder, Plaintiff later improved much of her performance on the second battery of tests, but she again performed poorly on the memory section. (R. at 320–24, 524–29.) Dr. Sullivan raised concerns about the validity of Dr. McPherson's first battery of tests, noting that Plaintiff performed better on more difficult portions of the tests and that Plaintiff's memory deficiencies appeared linked more to a failure to learn the content tested than to a failure in remembering it later. Thus, Dr. Sullivan's analysis undermined Dr. McPherson's conclusions that Plaintiff had a memory disorder. (*Id.* at 71–72.) And Dr. Sullivan concluded that Plaintiff's performance was "not inconsistent with [Plaintiff's] longstanding structural brain abnormalities" and that Plaintiff, despite possible cognitive deficits, was able to undertake unskilled work. (*Id.* at 72, 74.)

Dr. Hawkins's analysis also undermines Dr. McPherson's conclusions, as Dr. Hawkins noted "stable to improved functioning" in the year and a half since Plaintiff's last assessment. (*Id.* at 502.) Although Plaintiff again performed poorly on the memory portions, Dr. Hawkins specifically questioned her performance, noting that it was

5

"inconsistent with her ability to provide current news events, her daily routine, accurate orientation, and so forth." (*Id.* at 503.) Dr. Hawkins also reported several "threats" to the validity of the test results based on her observations: Plaintiff gave up quickly at times during the assessment and performed tasks deliberately even when told to do so quickly. (*Id.* at 501.) Dr. Hawkins concluded that although "on the surface [Plaintiff] shows an effective amnestic syndrome for recent verbal information, this is inconsistent with her knowledge of recent events," was unable to rule out a true cognitive impairment, and offered a "diagnosis of amnestic syndrome provisional, as there are threats to validity." (*Id.* at 504.) As to functional work capability, Dr. Hawkins determined that Plaintiff "may be able to participate in a rote position emphasizing her strong verbal and interpersonal skills." (*Id.* at 505.)

In addition to the medical evidence, the ALJ also considered evidence that Plaintiff continued to drive, managed her own finances, worked for pay caring for her mother, lived independently, conducted normal daily activities like laundry and grocery shopping, and advertised an errand service within her condominium development. (R. at 14–17; *see* R. at 33–37.)

Based on its review of the record, the Court concludes that Judge Brisbois correctly found that the ALJ's conclusion was supported by substantial evidence in the record as a whole.

*Report of Dr. Hawkins.* Plaintiff also objects that Judge Brisbois did not "address the ALJ's failure to discuss the entirety of [Dr. Hawkins'] report on which he ostensibly relied in discounting [Plaintiff's] complaints regarding her memory and ability to learn new tasks." (Pl. Obj. at 3.) Plaintiff argues that Judge Brisbois gave too much weight to a statement from Dr. Hawkins that Plaintiff's "tested memory deficits are completely inconsistent" with her "level of functioning, a contradiction previously ignored" by prior assessors. (*Id.*) According to Plaintiff, Dr. Hawkins' statement is not evidence that a "reasonable mind might accept as adequate" to support a finding that Plaintiff is not disabled because there is "overwhelming evidence" of her "memory and learning difficulties" and because the ALJ took the statement out of context and ignored that Dr. Hawkins also concluded that other factors might have affected Plaintiff's performance. (*Id.*)

Plaintiff's objection to the R&R's alleged failure to address the ALJ's purported use of a single statement from Dr. Hawkins' report out of context lacks merit. Plaintiff raised the issue in her motion for summary judgment and Judge Brisbois addressed the argument in detail in the R&R. (ECF No. 11 at 14–15; *see* R&R at 15–17.) The ALJ, in his decision, concluded that Plaintiff had "no more than moderate limitation in understanding, remembering or applying information." (R. at 19.) The ALJ based this conclusion in part on an "obvious inconsistency between [Plaintiff's] tested and functional memory," and stated that "Dr. Hawkins clearly explained how the tested

memory deficits are completely inconsistent with [Plaintiff's] level of functioning." (*Id.*) Plaintiff specifically objects to the ALJ's use of this language. (*See* ECF No. 20 at 3.) But the ALJ did not take Dr. Hawkins' statement out of context; Dr. Hawkins' report reiterated several times that Plaintiff's performance was inconsistent with descriptions of her daily life and activities. (R. at 502–06.) Additionally, as Judge Brisbois recognized, the ALJ did not rely solely upon Dr. Hawkins' report to conclude that there was an obvious inconsistency between the tests and Plaintiff's reported routine. (R&R at 15–16.) The ALJ discussed several inconsistencies between Plaintiff's claimed memory deficits and her reported life activities, including that Plaintiff testified that she could perform full-time work; continued to drive; managed her finances; cared for her mother and was paid to do so; lived independently; performed household activities like cleaning, laundry, and grocery shopping; and operated and advertised cleaning and errand services within her condominium development. (R. at 14–17.) The ALJ also specifically stated that, in making his decision, he relied upon the fact that Plaintiff's claimed deficits were "not entirely consistent with the medical evidence and other evidence in the record," demonstrating that he did not solely rely upon Dr. Hawkins' statement in concluding that Plaintiff's tested and functional capacities were inconsistent. (R. at 15.)

Moreover, to the extent that Plaintiff asks the Court to overrule the ALJ's findings and give more weight to Dr. McPherson's conclusions rather than those of Dr. Hawkins, the Court cannot do so. Interpreting "physicians' findings is a factual matter left to the

8

ALJ's authority," *Mabry v. Colvin*, 815 F.3d 386, 391 (8th Cir. 2016), and it is the ALJ's function—not this Court's—"to weigh conflicting evidence and to resolve disagreements among physicians." *Kirby v. Astrue*, 500 F.3d 705, 709 (8th Cir. 2007). The ALJ did so here. Dr. McPherson's opinions conflicted with those of Dr. Hawkins, and the ALJ used the record as a whole to resolve the conflict. As noted above, the Court's own review of the record shows that the ALJ's decision was supported by substantial evidence in the record as a whole. Because the ALJ performed his function to resolve conflicting medical evidence and his decision is supported by substantial evidence in the record as a whole, it falls "within the available zone of choice," and the Court accordingly affirms it. *Buckner*, 646 F.3d at 556.

The parties do not object to any other aspect of the R&R. When no objection has been made, the Court determines whether the recommendations are clearly erroneous or contrary to law. Fed. R. Civ. P. 72(b); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996). Having reviewed those portions of the R&R to which the parties have not objected, the Court finds no clear error.

Based on the foregoing, and on all the files, records, and proceedings herein, the Court OVERRULES Plaintiff's objection (ECF No. 20) and ACCEPTS the R&R (ECF No. 19) as set forth above. IT IS HEREBY ORDERED THAT:

1. The Plaintiff's motion for summary judgment (ECF No. 10) is DENIED;

2. The Defendant's motion for summary judgment (ECF No. 14) is GRANTED; and

3. This matter is DISMISSED WITH PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: September 17, 2020                    BY THE COURT:

                                             s/Nancy E. Brasel
                                             Nancy E. Brasel
                                             United States District Judge